HAGAN *vs.* FERRES.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW-ORLEANS.

An appeal will not be dismissed on the ground that the judgment of the inferior court was rendered in favor of a different party plaintiff, from that stated in the petition.

But where both parties pray for a reversal of the judgment, it will be done ; as to affirm it, would be granting something to the parties *ultra petitione.*

In sums over five hundred dollars, the testimony of one witness is insufficient to confirm a judgment by default.

In such cases there will be judgment of non-suit for the defendant.

This was a suit brought by John Hagan against Madame Ferris, for a balance due for rent of a house on Canal street. The rent claimed, is contained in an account which is annexed to the petition, and amounts to nine hundred thirty-eight dollars and forty-two cents. He prayed for judgment and an order for a provisional seizure of the furniture of the defendant.

The parish judge granted the order. · Elliott filed an opposition to the seizure, alleging that some of the furniture seized belonged to him. This was allowed, and the furniture claimed restored on his executing a bond to abide the final judgment of the court thereon. Judgment was taken against the defendant by default, for the sum claimed in the petition, and made final on the testimony of *one* witness, the counsel who brought the suit. It was rendered in the name of John Hagan & *Co.*, instead of John Hagan, as claimed in the petition.

The defendant prayed and obtained an appeal.

EASTERN DIS.
*May*, 1834.

HAGAN
*vs.*
FERRIS.

The answer of John Hagan to the petition of appeal, aver that he sued alone, and the court rendered judgment in favor of John Hagan & *Co.*, who are in no manner interested in the suit.   He prays that the appeal be dismissed at the appellant's cost; or that judgment be reversed, and the cause ordered to proceed in the name of *John Hagan* alone.

*Macready*, for the plaintiff and appellee.

*McMillen* and *Elliott*, for the defendant and appellant, contended:

1. That the judgment must be reversed, because there is no legal proof of the plaintiff's claim.

2. In all claims over five hundred dollars, the testimony of one witness is insufficient to establish them.   *La. Code*, 2257.

3. This judgment was rendered on the sole testimony of one witness, and must be reversed, and judgment of nonsuit entered for the defendant.

MARTIN, J., delivered the opinion of the court.

The plaintiff and appellant has prayed the dismissal of the appeal, on the ground that by his petition it appears that he sues for himself personally, and the judgment is rendered in favor of John Hagan & *Co.*, who are in no manner interested in the suit; and he has added a prayer, that if the appeal be not dismissed the judgment may be reversed, and the case sent back for further proceedings.

*An appeal will not be dismissed on the ground that the judgment of the inferior court was rendered in favor of a different party, plaintiff, from that stated in the petition.*

It appears to us that the appeal ought not to be dismissed on the ground relied on.   If the first court erred in giving judgment to the injury of the plaintiff and appellee, the law has pointed out a mode by which he may be relieved in this court.

*But where both parties pray for*

As he has prayed for the reversal of the judgment, and

the defendant and appellant has joined in this prayer, we must reverse it; as to affirm it, would be to grant to the plaintiffs and appellants something *ultra petitione.*

He has not prayed us to amend it, but to remand the case; but he has not urged any thing which authorises our acceding to his request.

The defendant and appellant has prayed our judgment in his favor. We have carefully looked over the record, and it does not appear to us that the plaintiff has made out his case by proof.

It is, therefore, ordered, adjudged and decreed, that there be judgment for the defendant and appellant, as in case of non-suit; the plaintiff and appellee paying the costs in both courts.

EASTERN DIS.
*May,* 1834.

the reversal of a judgment, it will be done; as to affirm it, would be granting something *ultra petitione.*

In sums over five hundred dollars, the testimony of one witness is insufficient to confirm a judgment by default.

